UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY (GILBERT) PIERS,

    Plaintiff,                                          Hon. Robert J. Jonker

v.                                                           Case No. 1:15-cv-00242

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Notice of Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 USC 2412</u>. (ECF No. 19). Plaintiff's counsel seeks $3,640.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant has not asserted that her position was substantially justified.

On March 28, 2016, the Honorable Robert J. Jonker vacated the Commissioner's decision and remanded the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

Counsel now moves for an award of attorney's fees pursuant to the EAJA. Specifically, counsel seeks to recover $3,640.00 in attorneys fees (20.8 hours multiplied by an hourly rate of $175). Defendant does not oppose counsel's request. The Court finds the number of hours expended in this matter, as well as the hourly rate requested, to be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of three thousand, six hundred forty dollar and zero cents ($3,640.00). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that any judgment or order entered for EAJA fees be entered in Plaintiff's favor. *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Notice of Application for Attorney Fees and Costs Pursuant to the Equal Access to Justice Act, 28 USC 2412</u>, (ECF No.19), be **granted**. Specifically, the undersigned recommends that Plaintiff be awarded three thousand, six hundred forty dollar and zero cents ($3,640.00) pursuant to the Equal Access to Justice Act.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

Date: October 25, 2016           /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge